UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANI ABSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1071 AGF |
| | ) |
| JOHN BRAMER, | ) |
| | ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

Rani Abston brings this action, pro se, to resolve a landlord-tenant suit. From the attachments to the Complaint, Abston and the landlord have had numerous disputes related to the property, and Abston currently claims the property is uninhabitable. Abston received an adverse judgment from the Circuit Court for Phelps County, *Bramer v. Abston*, No. 14PH-CV00227-01. Plaintiff was ordered by the state court to pay $2,800.00 per month for back rent. According to the state court docket sheet, plaintiff made a payment of $2,800 to the court on July 10, 2015. *Id*. Although the Complaint filed in this Court is not entirely clear, Plaintiff Abston seeks the return of certain funds she previously paid, and also seeks an order that she is not required to make any further rental payments.

It appears that subject matter jurisdiction is lacking, and the Court will order Plaintiff to show cause why this action should not be dismissed. Additionally, the motion for temporary restraining order is denied.

**DISCUSSION**

Plaintiff has not sufficiently shown that the Court has jurisdiction over this matter. Plaintiff cites 28 U.S.C. § 1335[1] as the basis for the Court's jurisdiction. Title 28 U.S.C. § 1335 governs interpleader actions. Interpleader actions are governed by Rule 22 of the Federal Rules of Civil Procedure, which states:

> **(1) *By a Plaintiff.*** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
> > **(A)** the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> >
> > **(B)** the plaintiff denies liability in whole or in part to any or all of the claimants.

Interpleader actions are appropriate, for example, in cases where a plaintiff holds certain funds and two or more other and different parties are claiming they are entitled to the funds. Further, a plaintiff filing an interpleader needs to demonstrate that "two or more adverse claimants, of diverse citizenship," as defined in 28 U.S.C. § 1332(a) or (d), are "claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335(a). And the plaintiff must deposit the funds or property into the registry of the federal court, or post an appropriate bond. Plaintiff does not appear to be a person subject to double or multiple liability in a claim brought in federal court, and has not established the other requirements under § 1335. As a result, she may not file as an interpleader.

---

[1] Plaintiff also cites to 28 U.S.C. § 2361, which addresses a federal court's power to issue process and enter a restraining order in a civil interpleader action properly before the court.

Additionally, it appears that Plaintiff is essentially challenging and asking this Court to review the order entered by the Phelps County Court. But the federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* It appears that the Court lacks subject matter for this reason as well.

Under Rule 12(h)(3), the Court is required to dismiss an action if subject matter jurisdiction is lacking. Before dismissing this case, however, Plaintiff will be given the opportunity to show cause why the case should not be dismissed.

Because it does not appear that the Court has jurisdiction over the complaint, the Court finds that Plaintiff is not likely to succeed on the merits. As a result, the motion for temporary restraining order is denied. *See Dataphase Sys. v. CL Sys.*, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (to determine whether preliminary injunctive relief is warranted, court must balance threat of irreparable harm to movant, harm to nonmoving party should injunction issue, likelihood of success on merits, and public interest).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must show cause, within twenty-one (21) days of this Order, why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff, and shall also contact Plaintiff by telephone to advise her that the TRO has been denied.

Dated this 14th day of July, 2015.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE