UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RANI ABSTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1071 AGF |
| | ) | |
| JOHN BRAMER, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

The question before the Court is whether subject matter jurisdiction exists in this case, in which Plaintiff seeks relief from a judgment of the Circuit Court for Phelps County ordering her to pay $2,800.00 in back rent to her landlord. *See Bramer v. Abston*, No. 14PH-CV00227-01.

By Order dated July 14, 2015, Plaintiff was directed to show cause why the case should not be dismissed for lack of subject matter jurisdiction. In the Order to Show Cause, the Court explained to Plaintiff that she did not appear to be a proper stakeholder, facing multiple liability, which the interpleader remedy was designed to address. Further, the Court explained that an independent basis of subject matter jurisdiction is required, and that Plaintiff would need to demonstrate that "two or more adverse claimants, of diverse citizenship," were "claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335 (a). Plaintiff responded to the Order to Show Cause on August 3, 2015. Following Plaintiff's response to the Order to Show Cause, Defendant filed a motion to dismiss for lack of jurisdiction (Doc. No. 10), on August 6, 2015.

Plaintiff did not respond to the motion, and the time to do so has passed. Having reviewed the pleadings and Plaintiff's response to the Order to Show Cause, the Court finds that jurisdiction is lacking.

Plaintiff continues to assert that the Court has jurisdiction to hear this case under 28 U.S.C. § 1335.[1]

> The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations when several claimants assert rights to a single stake. *See Dakota Livestock Co. v. Keim,* 552 F.2d 1302, 1307 (8th Cir. 1977); *Underwriters at Lloyd's v. Nichols,* 363 F.2d 357, 362 (8th Cir. 1966). Where a stakeholder is disinterested and has deposited the stake into the court registry, the court may dismiss it from the interpleader action, leaving the claimants to prosecute their conflicting claims. *Essex Ins. Co. v. McManus,* 2003 WL 21693659, *1 (E.D. Mo. 2003).

*Decourley v. Prudential Ins. Co. of America*, No. 1:07CV117 LMB, 2008 WL 1967501, at *2 (E.D. Mo. May 1, 2008); *Mesirov Gelman Jaffe Cramer & Jamieson, LLP v. SVD Realty, LP*, No. CIV. A. 00-2107, 2001 WL 120142, at *1 (E.D. Pa. Feb. 8, 2001). The dispute in this matter is between two *interested* parties – one of whom is Plaintiff, and the other being her landlord, Defendant. She has apparently been ordered by a state court to pay double rental amounts into the court as a hold-over. The fact that Plaintiff is required to pay double her rental amount, is being ordered to pay rentals when she believes the residence in uninhabitable, and that she has other defenses to payment, does not make her

---

[1] Plaintiff also cites to 28 U.S.C. § 2361, which addresses a federal court's power to issue process and enter a restraining order in a civil interpleader action properly before the court.

a disinterested stakeholder facing potential multiple claims to the amount. This is not the type of "multiple liability" interpleader actions are designed to address.

Further, a plaintiff filing an interpleader needs to demonstrate that "two or more adverse claimants, of diverse citizenship," as defined in 28 U.S.C. § 1332(a) or (d), are "claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335(a). Plaintiff has made no such showing, and it appears that both she and Defendant (and the state court) are citizens of Missouri. As a result, she may not file as an interpleader. *Sun Life Assur. Co. of Canada v. Plaisted*, No. 09cv108 SM, 2009 WL 3335867, at *3 (D.N.H. Oct. 15, 2009).

Moreover, Plaintiff is asking this Court to engage in appellate review of the order entered by the Phelps County Court. However, federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* The Court lacks subject matter for this reason as well. It also appears that this Court would likely be deprived of jurisdiction under the *Rooker-Feldman* doctrine.[2] The *Rooker-Feldman* doctrine "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005)).

Finally, even if the Court had subject matter jurisdiction, it would still decline to exercise interpleader jurisdiction over this dispute.

> Interpleader is an equitable remedy. . . . And many courts have conditioned the grant of interpleader relief upon basic equitable doctrines.
>
> Thus courts have declined to grant interpleader relief, or have stayed consideration of a request for such relief, when litigation in another court may obviate the need for the equitable remedy of federal interpleader.

*Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974) (citations omitted). Here, it appears that Plaintiff continues to have recourse before the state courts.

For these reasons, the Court dismisses this action under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

Dated this 21st day of August, 2015.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE