UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RANI ABSTON, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1071 AGF |
| | ) | |
| JOHN BRAMER, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's proposed amended complaint (Doc. No. 16) and motion for relief from judgment (Doc. No. 17). Plaintiff is not entitled to amend her complaint, and the motion for to set aside judgment is denied.

1. *Amended Complaint*

Although the Federal Rules have a liberal policy towards amendments, "[p]ost-dismissal motions to amend are disfavored," *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation*, 623 F.3d 1200, 1208 (8th Cir. 2010), and amendments should not be granted when they would be frivolous or "futile." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff restyles her complaint as a petition for writ of mandamus under 28 U.S.C. § 1651. She seeks an order directing the state court judge to dismiss the lawsuit against her and ordering the Circuit Court for Phelps County to release the funds she has deposited into its registry.

This Court lacks the power to direct state actors to act. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an *officer or employee of the United States* or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added). Further, as discussed more fully in the Court's prior Memorandum and Opinion (Doc. No. 14), this Court does not have jurisdiction to review the orders entered by the state court. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996) ("federal district courts . . . lack subject matter jurisdiction to engage in appellate review of state court decisions."). As a result, the proposed amendment is frivolous.

2. *Motion for Relief from Judgment*

Plaintiff moves the Court to reopen this case to consider her petition for writ of mandamus, which the Court has found to be frivolous. Additionally, plaintiff complains that defendant and the Circuit Court for Phelps County violated Missouri law. Her claims do not give rise to federal jurisdiction. As such, the motion to reconsider and set aside the judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reconsider and to set aside judgment [Doc. No. 17] is **DENIED with prejudice**.

Dated this 1st day of September, 2015.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE